EXHIBIT 2

Filed 5/16/2016 1:25:13 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy



CAUSE NO. 285,056-B

| | | |
|---|---|---|
| JEREMIAH J. GLENN , | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| CHRISTOPHER MURPHY, FEDEX | § | BELL COUNTY, TEXAS |
| CUSTOM CRITICAL, INC., | § | |
| EXPEDITER SERVICES, L.L.C., and | § | |
| HOME STATE COUNTY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| *Defendants* | § | 146TH  JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THIS HONORABLE COURT:

COMES NOW Jeremiah J. Glenn, Plaintiff, complaining of Christopher Murphy, FedEx

Custom Critical, Inc., Expediter Services, L.L.C., and Home State County Mutual Insurance

Company, Defendants, and would respectfully show:

### A. GENERAL STATEMENTS

#### 1. Discovery Control Plan and Rule 47 Statement

1.1    Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas

Rules of Civil Procedure.

1.2    Plaintiff requests that this Court enter an Order that discovery be conducted in

accordance with a Discovery Control Plan tailored to the circumstances of this specific case.

1.3    Plaintiff's Request for Disclosure, Request for Admissions, Interrogatories, and

Request for Production propounded to Defendants Christopher Murphy, FedEx Custom Critical,

Inc., Expediter Services, L.L.C., and Home State County Mutual Insurance Company are

attached to Plaintiff's Original Petition and are being served contemporaneously upon said

defendants pursuant to Rules 194, 196, 197, and 198 of the Texas Rules of Civil Procedure.

1.4     For purposes of Rule 47 of the Texas Rules of Civil Procedure, Plaintiff would note that Plaintiff seeks monetary relief over $1,000,000.00.

## 2. Parties

2.1     Plaintiff is a resident of Bell County, Texas.

2.2     In accordance with Section 30.015 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that Plaintiff's address is 205 Paul Street, Rogers, Texas 76569.

2.3     In accordance with Section 30.014 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that the last three (3) numbers of Plaintiff's driver's license number are 808 and that the last three (3) numbers of Plaintiff's Social Security number are 302.

2.4     Defendant Murphy is a resident of Crittenden County, Arkansas.

2.5     Defendant Murphy may be served with process at 408 North Rhodes Street, West Memphis, Arkansas 72301, (telephone unknown), or wherever said defendant may be found.

2.6     Defendant FedEx Custom Critical, Inc. is a foreign for-profit corporation doing business in the State of Texas. Its principal place of business is in Memphis, Tennessee.

2.7     Defendant FedEx Custom Critical, Inc. may be served with process via its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

2.8     Defendant Expediter Services, L.L.C. is a foreign for-profit limited liability company doing business in the State of Texas. Its principal place of business is in Memphis, Tennessee.

2.9     Defendant Expediter Services, L.L.C. may be served with process via its registered agent, Harris Hawkins, 1331 Union Avenue, Memphis, Tennessee 38104.

2.10    Defendant Home State County Mutual Insurance Company is a domestic county mutual doing business in the State of Texas.

2.11    Defendant Home State County Mutual Insurance Company may be served with process at 4315 Lake Shore Drive, Suite J, Waco, Texas 76710.

### 3. Jurisdiction

3.1    Defendant Murphy is a resident of Arkansas and subject to the jurisdiction of this Court pursuant to Section 17.042(2) of the Texas Civil Practice and Remedies Code. Defendant Murphy is subject to specific personal jurisdiction, as his liability arises from or is related to an activity conducted within the State of Texas.

3.2    Defendants FedEx Custom Critical, Inc., Expediter Services, L.L.C., and Home State County Mutual Insurance Company do business in the State of Texas and are subject to the jurisdiction of this Court.

3.3    Plaintiff's damages are within the jurisdictional limits of this Court.

### 4. Venue

4.1    All or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in Bell County, Texas.

4.2    As set forth below, Plaintiff's causes of action arise out of a vehicular collision in Bell County, Texas wherein the negligent conduct of Defendant Murphy in Bell County, Texas was a proximate cause of the collision and Plaintiff's damages resulting from the occurrence or injury in question.

4.3    Venue is therefore proper in Bell County, Texas pursuant to Sections 15.002(a)(1) and 15.005 of the Texas Civil Practice and Remedies Code.

## B. NEGLIGENCE AND NEGLIGENCE PER SE CLAIMS

### 5. Facts of Case

5.1     On or about September 17, 2014, at or near the intersection of H.K. Dodgen Loop and 3rd Street, in Temple, Texas, a vehicle operated by Defendant Murphy collided with a vehicle operated by Plaintiff.

5.2     Defendant Murphy's failure to use ordinary care in the operation of Defendant Expediter Services L.L.C.'s vehicle was a proximate cause of this wreck and Plaintiff's resulting injuries.

5.3     At the time of the wreck in question, Defendant Murphy was in the course and scope of his employment with FedEx Custom Critical, Inc. and/or Expediter Services, L.L.C.

### 6. Causes of Action

6.1     Plaintiff bases Plaintiff's causes of action in part upon negligence or negligence per se as these terms are defined under the common law and statutes of Texas and the doctrines of respondeat superior and res ipsa loquitur are invoked where applicable.

6.2     Plaintiff would show that the conduct of Defendants, as set forth herein and otherwise, constituted negligence by act or omission, each and all of which was a proximate cause of the occurrence or injury in question and Plaintiff's damages resulting from the occurrence or injury in question.

6.3     All conditions precedent to the filing of this lawsuit and bringing said causes of action have been performed or have occurred.

### 7. Damages

7.1     Plaintiff has suffered damages in the past as well as in the future.

7.2     These damages include those damages, past and future, resulting to Plaintiff, conditioned as Plaintiff was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

7.3     These damages, past and future, include physical pain, mental anguish, loss of earnings or earning capacity, disfigurement, physical impairment, and reasonable expenses for necessary health care, including rehabilitative services and devices, resulting from the injuries sustained in the occurrence in question.

7.4     These damages, past and future, include any subsequent aggravation of the injuries sustained in the occurrence in question.

### C. DECLARATORY RELIEF CLAIMS

#### 8. Facts

8.1     On or about September 17, 2014, at or near the intersection of H.K. Dodgen Loop and 3rd Street, in Temple, Texas, a vehicle operated by Defendant Murphy collided with a vehicle operated by Plaintiff.

8.2     Defendant Murphy's failure to use ordinary care in the operation of Defendant Expediter Services L.L.C.'s vehicle was a proximate cause of this wreck and Plaintiff's resulting injuries.

8.3     The vehicle Plaintiff was occupying at the time of the wreck, and/or Plaintiff himself, was covered by an insurance contract written by Defendant Home State County Mutual Insurance Company.

8.4     Plaintiff was insured under this insurance contract, and a party to the contract.

8.5     In this contract, Defendant Home State County Mutual Insurance Company agreed to pay Uninsured/Underinsured Motorist Coverage (UM/UIM) benefits because of any

bodily injury resulting from a motor vehicle accident sustained by a covered person, and property damage caused by the accident.

8.6     These UM/UIM benefits are defined as those for which an injured covered person is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle.

8.7     Plaintiff was a covered person as defined by the contract in question.

8.8     The vehicle operated by Defendant Murphy was underinsured as defined by the insurance contract in question, as well as under Texas law, because Plaintiff's damages exceed any applicable third-party insurance-coverage limits.

8.9     Plaintiff, because of a bodily injury resulting from a motor vehicle accident, has incurred damages that Plaintiff is legally entitled to recover from the owner or operator of the underinsured motor vehicle in question, specifically, the vehicle driven by Defendant Murphy.

8.10    These damages, past and future, include those damages resulting to Plaintiff, conditioned as Plaintiff was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

8.11    These damages, past and future, include physical pain, mental anguish, loss of earnings or earning capacity, disfigurement, physical and mental impairment, and reasonable expenses for necessary health care, including rehabilitative services and devices, resulting from the injuries sustained in the occurrence in question.

8.12    These damages include any subsequent aggravation of the injuries sustained in the occurrence in question.

8.13    Plaintiff has timely and properly applied for UM/UIM benefits based upon the above facts.

8.14    Plaintiff, as well as any other applicable insured parties to the contract, have fully performed, tendered performance of, or was excused from performing all contractual obligations, or at least substantially complied with all contractual obligations.

8.15    Nonetheless, Defendant Home State County Mutual Insurance Company has failed or refused, and continues to fail or refuse, to pay UM/UIM benefits to Plaintiff.

### 9. Causes of Action and Relief Sought

9.1    Plaintiff asserts claims under Chapter 37 of the Texas Civil Practice and Remedies Code to have Plaintiff's rights, status, and other legal relationships, under the insurance contract insuring Plaintiff (the insurance contract in question), established by a court of competent jurisdiction.

9.2    Section 37.004(a) of the Texas Civil Practice and Remedies Code provides that "[a] person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

9.3    Section 37.004(b) of the Texas Civil Practice and Remedies Code further provides that "[a] contract may be construed either before or after there has been a breach."

9.4    Finally, Section 37.009 of the Texas Civil Practice and Remedies Code provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just."

9.5    Plaintiff seeks a declaration from the Court that the allegations set forth in paragraphs 8.1 through 8.15 of this Petition are true and correct.

9.6     Plaintiff also seeks a declaration determining the amounts of Uninsured/Underinsured Motorist Coverage benefits under the insurance contract in question to which Plaintiff is entitled to recover from Defendant Home State County Mutual Insurance Company, after all applicable set-off and credits, for the damages described in paragraphs 8.9 through 8.12 of this Petition.

9.7     Plaintiff specifically requests that Plaintiff's right to collect Uninsured/Underinsured Motorist Coverage benefits under the insurance contract in question with Defendant Home State County Mutual Insurance Company be declared, and that it be declared that Plaintiff be entitled to recover said insurance proceeds, notwithstanding the existence of other insurance of a different kind, specifically, but not limited to, health insurance, or that third parties may be responsible for the damages suffered, except as specifically provided in the insurance contract in question, or under Texas law.

9.8     Plaintiff seeks the recovery of costs and reasonable and necessary attorney's fees, past and future, as are equitable and just.

9.9     These attorney's fees, past and future, include those for representation through trial and the completion of proceedings in the trial court, for representation through appeal to the court of appeals, for representation at the petition for review stage in the Supreme Court of Texas, for representation at the merits briefing stage in the Supreme Court of Texas, and for representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

9.10    All conditions precedent have been performed or have occurred.

9.11    Generally, "[a]n insured seeking the benefits of uninsured/underinsured motorist coverage may (1) sue the insurance company directly without suing the uninsured/underinsured

motorist; (2) sue the uninsured/underinsured motorist with the written consent of the insurance company, making the judgment binding against the insurance company; or (3) sue the uninsured/underinsured motorist without the written consent of the insurance company and then relitigate the issue of liability and damages." *In re Koehn*, 86 S.W.3d 363, 368 (Tex. App.—Texarkana 2002, orig. proceeding).

9.12    Plaintiff has resolved Plaintiff's applicable claims with Christopher Murphy.

9.13    As such, the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code) is the proper vehicle for seeking Uninsured/Underinsured Motorist Coverage benefits. *See, e.g., Accardo v. Am. First Lloyds Ins. Co.*, No. H-11-0008, 2012 WL 1576022, at *1-6 (S.D. Tex. May 3, 2012) (mem. op.) (allowing declaratory judgment action for determination of insurer's liability for UM/UIM damages); *Owen v. Emp'rs Mut. Cas. Co.*, No. 3:06-CV-1993-K, 2008 WL 833086, at *5 (N.D. Tex. Mar. 28, 2008) (mem. op.) (allowing declaratory judgment action for determination of insurer's liability for UM/UIM damages); *Schober v. State Farm Mut. Auto. Ins. Co.*, No. 3:06-CV-1921-M, 2007 WL 2089435, at *1-5 (N.D. Tex. July 18, 2007) (mem. op.) (allowing apparent declaratory judgment action for determination of insurer's liability for UM/UIM damages).

## 10. Rule 193.7 Notice

10.1    TO DEFENDANTS: Plaintiff hereby notifies you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that Plaintiff currently intends to use all items produced by you in this litigation at any pretrial proceeding or trial.

## 11. Rule 609(f) Request

11.1    TO DEFENDANTS: Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff hereby requests, in regard to any witnesses that shall be named by any party as a person

with knowledge of relevant facts, or as a testifying expert, that you give Plaintiff sufficient advance written notice of your intent to use evidence of a conviction of any such witness.

### 12. Prayer for Relief

12.1    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a declaratory judgment declaring Plaintiff's rights as requested in this Petition as well as a judgment against Defendant for Plaintiff's damages as set forth above in an amount within the jurisdictional limits of this Court; attorney's fees as pleaded above; postjudgment interest; costs of court; and such other and further relief, general and special, legal and equitable, to which Plaintiff is justly entitled.

Respectfully submitted,
**Daniel Stark, P.C.**

BY: _____

MICHAEL C. BRISTOW
State Bar No. 24082731
Post Office Box 1153
Bryan, Texas 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
Email: mbristow@danielstarklaw.com
**ATTORNEY FOR PLAINTIFF**

CAUSE NO. 285,056-B

| | | |
|---|---|---|
| **JEREMIAH J. GLENN ,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **BELL COUNTY, TEXAS** |
| | § | |
| **CHRISTOPHER MURPHY, FEDEX** | § | |
| **CUSTOM CRITICAL, INC.,** | § | |
| **EXPEDITER SERVICES, L.L.C., and** | § | |
| **HOME STATE COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendants* | § | **146th JUDICIAL DISTRICT** |

### PLAINTIFF'S REQUEST FOR DISCLOSURE
### TO DEFENDANTS

To:   CHRISTOPHER MURPHY, FEDEX CUSTOM CRITICAL, INC., EXPEDITER SERVICES, L.L.C., and HOME STATE COUNTY MUTUAL INSURANCE COMPANY, Defendants.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose the information or material described in the following subparts of Rule 194.2:

a.    The correct names of the parties to the lawsuit;

b.    The name, address, and telephone number of any potential parties;

c.    The legal theories and, in general, the factual basis of your claims or defenses;

d.    The amount and any method of calculating economic damages;

e.    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

f.    For any testifying expert:

　　1.    the expert's name, address, and telephone number;

　　2.    the subject matter on which the expert will testify;

　　3.    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by,

employed by, or otherwise subject to the control of the responding party, documents, reflecting such information;

4.    if the expert is retained by, employed by, or otherwise subject to your control:

A.    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

B.    the expert's current resume and bibliography;

g.    Any indemnity and insuring agreements described in Rule 192.3(f);

h.    Any discoverable settlement agreements described in Rule 192.3(g);

i.    Any discoverable witness statements described in Rule 192.3(h);

j.    All medical records and bills that are reasonably related to the injuries or damages asserted;

k.    All medical records and bills obtained by virtue of an authorization.

l.    The name, address, and telephone number of any person who may be designated as a responsible third party.


Respectfully submitted,
**Daniel Stark P.C.**


BY: _____
Michael C. Bristow
State Bar No. 24082731
mbristow@danielstarklaw.com
Daniel Stark, P.C.
Post Office Box 1153
Bryan, TX 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
**ATTORNEY FOR PLAINTIFF**

CAUSE NO. 285,056-B

| | | |
|---|---|---|
| JEREMIAH J. GLENN , | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | BELL COUNTY, TEXAS |
| | § | |
| CHRISTOPHER MURPHY, FEDEX | § | |
| CUSTOM CRITICAL, INC., | § | |
| EXPEDITER SERVICES, L.L.C., and | § | |
| HOME STATE COUNTY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| *Defendants* | § | 146th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT FEDEX CUSTOM CRITICAL, INC.

TO:   FEDEX CUSTOM CRITICAL, INC., Defendant.

Plaintiff hereby requests, pursuant to the provisions of Rule 198 of the Texas Rules of Civil Procedure, that you admit the truth of the following enumerated matters within fifty (50) days after service of these requests for admission in order to simplify the issues for consideration by the Court. You are reminded that lack of information or knowledge is not a proper response unless you have made a reasonable inquiry. If you fail to admit the truth of any matter and Plaintiff thereafter proves the truth of the matter, you are warned that you may be required to pay the reasonable expenses incurred in making that proof pursuant to Rule 215 of the Texas Rules of Civil Procedure.

Respectfully submitted,
**Daniel Stark P.C.**

BY:_____
Michael C. Bristow
State Bar No. 24082731
mbristow@danielstarklaw.com
Daniel Stark, P.C.
Post Office Box 1153
Bryan, TX 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
**ATTORNEY FOR PLAINTIFF**

## REQUESTED ADMISSIONS

1.   Admit that on or about September 17, 2014, you owned a white Freightliner box truck with the VIN 1FVAGGDV1DLBZ7884.

RESPONSE:

2.   Admit that on or about September 17, 2014, a white Freightliner box truck was available for use by one or more of your employees.

RESPONSE:

3.   Admit that on or about September 17, 2014, a white Freightliner box truck was regularly used within the course of your business.

RESPONSE:

4.   Admit that the vehicles owned by you are available for your employees to use within the course and scope of their employment with you.

RESPONSE:

5.   Admit that Christopher Murphy was one of your employees on September 17, 2014.

RESPONSE:

6.   Admit that you gave Christopher Murphy permission to drive one of your vehicles on September 17, 2014.

RESPONSE:

7.   Admit that on or before the date of the incident, you had knowledge that Christopher Murphy would be driving a vehicle owned by you on September 17, 2014.

RESPONSE:

8.   Admit that on or about September 17, 2014, you entrusted one of your vehicles to Christopher Murphy.

RESPONSE:

9.   Admit that on September 17, 2014, Christopher Murphy operated a vehicle owned by you.

RESPONSE:

10.     Admit that on September 17, 2014, Christopher Murphy was acting within the course and scope of his employment when he operated a vehicle owned by you.

RESPONSE:

11.     Admit that you, or someone on your behalf, prepared an internal report or memo regarding the September 17, 2014, accident that is the subject of this suit.

RESPONSE:

12.     Admit that a business must exercise ordinary care in the hiring, supervision, training, and retention of employees.

RESPONSE:

13.     Admit that on and before the date of the collision, you failed to ensure that Christopher Murphy was a safe and competent driver.

RESPONSE:

14.     Admit that on and before the date of the collision, you knew Christopher Murphy was an incompetent driver.

RESPONSE:

15.     Admit that, prior to September 17, 2014, Christopher Murphy had been involved in one or more accidents involving one of your vehicles.

RESPONSE:

16.     Admit that, prior to September 17, 2014, Christopher Murphy was found to be at fault for one or more accidents involving one of your vehicles.

RESPONSE:

17.     Admit that, prior to September 17, 2014, Christopher Murphy had been disciplined by you for misconduct.

RESPONSE:

18.     Admit that, prior to September 17, 2014, you knew Christopher Murphy had an unsafe driving record.

RESPONSE:

19.     Do you admit or deny that your liability insurance carrier received written notice of the claims made the basis of the above styled lawsuit on or about October 14, 2014?

RESPONSE:

20.     Do you admit or deny that Richard Yates was one of your employees on September 17, 2014?

RESPONSE:

21.     Do you admit or deny that on September 17, 2014, your white Freightliner box truck with the VIN 1FVAGGDV1DLBZ7884 was covered by a liability insurance policy issued by Protective Insurance Company?

RESPONSE:

## CAUSE NO. 285,056-B

| | | |
|---|---|---|
| **JEREMIAH J. GLENN** ,<br>*Plaintiff* | §<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **v.** | §<br>§ | **BELL COUNTY, TEXAS** |
| **CHRISTOPHER MURPHY, FEDEX**<br>**CUSTOM CRITICAL, INC.,**<br>**EXPEDITER SERVICES, L.L.C., and**<br>**HOME STATE COUNTY MUTUAL**<br>**INSURANCE COMPANY,**<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | **146th JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION<br>TO DEFENDANT FEDEX CUSTOM CRITICAL, INC.

TO:   FEDEX CUSTOM CRITICAL, INC., Defendant.

Plaintiff hereby requests, pursuant to the provisions of Rule 196 of the Texas Rules of Civil Procedure, that you serve a written response to this Request for Production and that you thereafter produce the requested documents within your possession, custody, or control by delivering the originals of these documents to the offices of Daniel Stark, P.C., Bryan, Texas. You are requested to serve a written response within fifty (50) days after service of this Request for Production and to produce these documents within one (1) day thereafter. Electronically stored information (including electronic or magnetic data) should be produced in its native format. Moreover, you are requested to either produce these documents as they are kept in the usual course of business or to organize and label these documents to correspond with the categories in this Request. *See* TEX. R. CIV. P. 196.3(c); *Texaco, Inc. v. Dominguez*, 812 S.W.2d 451, 457 (Tex. App.—San Antonio 1991, no writ). You are further advised, pursuant to the provisions of Rule 193.7 of the Texas Rules of Civil Procedure, that the documents you produce will actually be used in trial as well as in all further pre-trial proceedings.

Respectfully submitted,
**Daniel Stark P.C.**

BY: _____

Michael C. Bristow
State Bar No. 24082731
mbristow@danielstarklaw.com
Daniel Stark, P.C.
Post Office Box 1153
Bryan, TX 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
**ATTORNEY FOR PLAINTIFF**

## REQUESTED ITEMS:

1.   All documents, tangible things, and electronically stored information (including electronic or magnetic data) relating to the incident in question.  *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 430-31 (Tex. 1996) (declining to hold such a request as overly broad, when the incident is an isolated occurrence, because "we think a reasonable person would understand from the request what documents fit the description"); *see also* TEX. R. CIV. P. 190.2(b)(6) (explicitly allowing a similar discovery request).

2.   All documents which support or evidence your contention as to the earliest date upon which you reasonably anticipated litigation on this claim.

3.   All 911 recordings or transcripts regarding this claim.

4.   All documents and correspondence between you, or your insurance carrier, and Plaintiff's medical providers.

5.   All documents and correspondence between you, or your insurance carrier, and Plaintiff's employers.

6.   Any and all police reports and other governmental reports or records concerning this claim and/or Plaintiff.

7.   All photographs, video recordings, audio recordings, films, animations, simulations, sketches, drawings, diagrams, illustrations, maps, charts, graphs, models, and other visual or electronic images of:

   (a)   the underlying facts;
   (b)   the scene of the incident in question;
   (c)   the incident in question;
   (d)   how the incident in question occurred;
   (e)   the damages sustained by anyone as a result of the incident in question;
   (f)   the plaintiff;
   (g)   anyone involved in the incident in question;
   (h)   all property damaged or involved in the incident in question; and/or
   (i)   concerning any issue raised by the pleadings of the parties.

8.   All documents, tangible things, and electronically stored information (including electronic or magnetic data) evidencing the fair market value of property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

9.   All documents, tangible things, and electronically stored information (including electronic or magnetic data) evidencing the cost to repair property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

10.     All documents, tangible things, and electronically stored information (including electronic or magnetic data) evidencing the replacement cost of all property which was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit.

11.     All medical, employment, and insurance records regarding Plaintiff that you have obtained through any subpoena or any deposition.

12.     Please produce all records of any convictions of Plaintiff and any person with knowledge of relevant facts.

13.     All documents, tangible things, and electronically stored information (including electronic or magnetic data) which form the basis of any contention that any plaintiff in this lawsuit was negligent or otherwise caused or contributed to the wreck which forms the basis of this lawsuit.

14.     Records of any and all monies paid by you or on your behalf to Plaintiff as a result of the occurrence in question.

15.     The first written notice of this claim received by you or your insurance carrier.

16.     All documents signed by any plaintiff.

17.     All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute or contain accounts of the accident in question which have been submitted to any government agency, including communications in the nature of accident reports.

18.     All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute or contain your account of the incident in question, which you prepared or gave to anyone prior to the filing of this lawsuit, including items in the nature of incident reports, interviews with insurance adjusters, and email reporting the incident in question. *See* TEX. R. CIV. P. 192.5(c)(1).

19.     All documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting warnings or instructions, which relate to the claims or defenses in this lawsuit, that you contend were available to any driver prior to the incident in question.

20.     All statutes, regulations, and government safety standards which relate to the claims or defenses in this lawsuit.

21.     All voluntary safety standards (including industry standards and company policies) which relate to the claims or defenses in this lawsuit.

22.    Any item which has been removed from any vehicle involved in the incident in question, and which relates to the claims or defenses in this lawsuit, including the contents of the vehicle as well as the tires and portions of the vehicle's steering, braking, or lighting systems.

23.    All documents and electronically stored information (including electronic or magnetic data) from any electronic on-board recorder, event data recorder, sensing and diagnostic module, electronic control module or unit, or similar on-board activity recording computer for any vehicle involved in the incident in question, including information related to speeds, distances, braking, time, defensive driving maneuvers, routes, hours in service, and other "black box" data, as well as the actual devices themselves.

24.    All documents, tangible things, and electronically stored information (including electronic or magnetic data) recording the business and personal use by anyone, during the six (6) months prior to the incident in question, of a vehicle operated by anyone in the incident in question, including mileage records required by the Internal Revenue Service.

25.    All documents and electronically stored information (including electronic or magnetic data) recording the use, on the day of the incident in question, of any mobile telephone or electronic device, which was in any driver's or occupant's physical possession at the time of the incident in question.

26.    All documents constituting or containing an insurer's reservation of rights or denial of insurance coverage for any of the claims or damages alleged in this lawsuit against anyone, including those documents constituting a "reservation of rights" letter or a "non-waiver agreement."

27.    Any petition or complaint filed in any declaratory judgment action in which you are a party and which relate to insurance coverage or indemnity for any claims arising out of the incident in question.

28.    Any petition or complaint filed in any lawsuit in which you are a party, other than this lawsuit, that arises out of the incident in question.

29.    For each lawsuit filed against you alleging a bodily injury or death occurring during the five (5) years prior to the incident in question or since the incident in question, and which allegedly resulted in whole or in part from a motor-vehicle incident (including with a pedestrian), the documents and electronically stored information (including electronic or magnetic data) constituting:

        (a)    the last complaint, petition, or pleading filed against you in the lawsuit;

        (b)    your last answer or responsive pleading filed in the lawsuit; and

    (c)      the sworn oral testimony given by you or any of your past or present employees during any court proceeding or deposition in the lawsuit along with any exhibits referenced therein.

30.    All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute, contain, record, or reflect any changes which have been made or measures which have been taken by you since the incident in question, which may make similar incidents less likely to occur in the future, including video recordings, photographs, drawings, memos, correspondence, work orders, invoices, new warnings or instructions, as well as new safety rules, policies, and procedures.

31.    All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute or contain your safety program, policies, or rules that were in effect at the time of the incident in question and which relate to the incident in question.

32.    All documents and electronically stored information (including electronic or magnetic data) that constitute, contain, record, or reflect anything in the nature of a joint defense agreement between you and any other party in this lawsuit.

33.    A copy of each of your valid driver's licenses.

34.    With respect to any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert:

    (a)      those documents reasonably necessary to determine the consulting expert's name, address, and telephone number;

    (b)      the consulting expert's current resume and bibliography;

    (c)      all documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting the consulting expert's mental impressions and opinions formed or made in connection with this case, and any methods used to derive them;

    (d)      all documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting the facts known by the consulting expert that relate to or form the basis of the consulting expert's mental impressions and opinions formed or made in connection with this case; and

    (e)      all documents, tangible things, electronically stored information (including electronic or magnetic data), reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert in anticipation of the testifying expert's testimony.

35.    Any traffic citations issued to, criminal charges filed against, or indictments handed down against anyone as a result of the incident in question and any documents or items recording the disposition of such citations, charges, or indictments, including documents

or items reflecting payment of any traffic citations, plea agreements, final judgments, or terms of probation.

36. The title to any vehicle driven by any defendant, as well as to any items towed by said vehicles.

37. All documents, records, notations, memoranda, and electronically stored information (including electronic or magnetic data) relating to the repair and/or maintenance of your vehicle for the period of one (1) year before and after the wreck in question.

38. All documents, records, reports, notations, electronically stored information (including electronic or magnetic data), and other items relating to any insurance claims, including property damage claims or worker's compensation claims, made by you as a result of this incident.

39. All newspaper articles, television reports, or internet reports or articles that reference the wreck in question.

40. All items related to any social security disability claims or any other claims you made with the government as a result of this wreck or injuries sustained OR AGGRAVATED in this wreck.

41. All documents, tangible things, and electronically stored information (including electronic or magnetic data) identified by you in any discovery answers.

42. All documents, tangible things, and electronically stored information (including electronic or magnetic data) referred to by any defendant, or witness for a defendant, in a deposition.

43. All social media posts made by Defendant from twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

44. All social media posts made by Defendant related to the wreck in question or any plaintiff.

45. All blog posts made by Defendant twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

46. All blog posts made by Defendant related to the wreck in question or any plaintiff.

47. All emails sent by Defendant twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

48. All communications, electronic or otherwise, sent by you or sent to you, related to the wreck in question or any plaintiff (this request does not seek communications with your lawyers).

49.   All communications, electronic or otherwise, referring or relating to your physical or mental condition from twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

50.   Any documents, tangible things, and electronically stored information (including electronic or magnetic data) that supports your damages model supplied in your Disclosure 194.2(d).

51.   Any documents, tangible things, and electronically stored information (including electronic or magnetic data) that support your contentions in response to Interrogatory 8.

52.   Any documents, tangible things, and electronically stored information (including electronic or magnetic data) that support your contentions in response to Interrogatory 9.

53.   Any documents, tangible things, and electronically stored information (including electronic or magnetic data) supporting any denial of Plaintiff's Request for Admissions.

54.   Any documents, tangible things, and electronically stored information (including electronic or magnetic data) upon which you base your affirmative or inferential rebuttal defenses found in your Original Answer.

55.   Christopher Murphy's FedEx Custom Critical, Inc. employee file, including but not limited to employment records such as performance reviews, results of pre-employment background or credit checks, any drug test results, disciplinary records, and complaints.

56.   Materials relating to FedEx Custom Critical, Inc.'s safety and driving policies, such as training courses, guides, pamphlets, manuals, and regulations.

57.   Employee log books or time sheets for Christopher Murphy on September 17, 2014.

58.   Any documents or records that would show Christopher Murphy drove any vehicle owned by FedEx Custom Critical, Inc. on September 17, 2014.

59.   Any documents, records, or contracts indicating your relationship with Expediter Services, L.L.C. on September 17, 2014.

CAUSE NO. 285,056-B

| | | |
|---|---|---|
| **JEREMIAH J. GLENN ,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **BELL COUNTY, TEXAS** |
| | § | |
| **CHRISTOPHER MURPHY, FEDEX** | § | |
| **CUSTOM CRITICAL, INC.,** | § | |
| **EXPEDITER SERVICES, L.L.C., and** | § | |
| **HOME STATE COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendants* | § | **146th JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF WRITTEN INTERROGATORIES TO
## DEFENDANT FEDEX CUSTOM CRITICAL, INC.

TO:    FEDEX CUSTOM CRITICAL, INC., Defendant.

COMES NOW Plaintiff in the above entitled and numbered cause, and pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, you are requested to answer each Interrogatory as set forth below. Such answers must be made separately, under oath and within fifty (50) days from receipt hereof.

This request shall be deemed continuing in nature pursuant to the Rules.

Respectfully submitted,
**Daniel Stark P.C.**

BY: _____

Michael C. Bristow
State Bar No. 24082731
mbristow@danielstarklaw.com
Daniel Stark, P.C.
Post Office Box 1153
Bryan, TX 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
**ATTORNEY FOR PLAINTIFF**

## INTERROGATORIES

1.     Please state the full name, address, telephone number, date of birth, and occupation of the person(s) answering these interrogatories.

**ANSWER:**

2.     Please state the correct name of your business and any aliases, including any assumed names and all other names that you are currently doing business as.

**ANSWER:**

3.     Please provide a detailed account of your legal relationship with Christopher Murphy, including but not limited to the date of hire, length of employment, position held and general job description at the time of the incident made subject this cause of action.

**ANSWER:**

4.     Please provide a detailed list of vehicles owned by FedEx Custom Critical, Inc., including the year, make, model, color, and VINs.

**ANSWER:**

5.     Please describe if and how the vehicles owned by FedEx Custom Critical, Inc. are used in the course of business.

**ANSWER:**

6.     Please describe any safety policies/materials, such as training courses/materials, pamphlets, manuals, or regulations that are used to ensure FedEx Custom Critical, Inc.'s vehicles are being operated in a safe and competent manner.

**ANSWER:**

7.     Please explain who is allowed to drive the vehicles owned by FedEx Custom Critical, Inc. and under what circumstances.

**ANSWER:**

8.      Please describe your protocol, if any, upon discovering that a vehicle owned by FedEx Custom Critical, Inc. has been involved in an accident.

**ANSWER:**

9.      Please list and describe all accidents that you have been made aware of involving Christopher Murphy while he was driving one of your vehicles, including the dates and descriptions of the incident.

**ANSWER:**

10.     Please describe any disciplinary actions, and the incidents giving rise to any disciplinary actions, that have been made against Christopher Murphy at any time during his employment with you, including if he has ever been issued any warnings and/or placed on probation. Please include the date of the incident, the type of incident, and the disciplinary action taken.

**ANSWER:**

11.     Please describe any remedial, disciplinary, or documentary actions taken after you discovered Christopher Murphy had been involved in an accident while operating one of your vehicles, including but not limited to disciplinary actions and if any incident reports were made or placed in Christopher Murphy's employee file.

**ANSWER:**

12.     Please describe your hiring process, including whether you perform any criminal background checks, drug tests, or pre-employment credit checks.

**ANSWER:**

13.     If Christopher Murphy is no longer employed by you, please state the last date of his employment with you and describe the circumstances of his termination or resignation.

**ANSWER:**

14.     Please list any complaints made by customers or other employees about Christopher Murphy, including the dates of the complaints, and describe the nature of the complaints.

**ANSWER:**

15.    With respect to any insurance policy (including, but not limited to, any policy of the vehicle driver or owner, any policy of any applicable employer, or any umbrella policy of any kind) which might be available to satisfy part or all of any judgment which might be rendered in this lawsuit against you, identify the policy by stating the full name of the insurance carrier, the policy number, the liability limits, and the deductible, if any, applicable to this matter.

**ANSWER:**

16.    Please state the date on which you contend you reasonably anticipated litigation in this matter, and provide a brief, general description of the reason(s) why you contend you reasonably anticipated litigation in this matter on such date.

**ANSWER:**

17.    With regard to each vehicle involved in the collision which forms the basis of this lawsuit, please do the following:

    (a)    Describe generally the areas and extent of damage;

    (b)    State the amount of money you contend it did cost or would fairly and reasonably cost to repair the vehicle, and the diminished fair market value of each such vehicle; and

    (c)    State whether or not any photographs were taken of the damage to each of the vehicles involved in the collision.

**ANSWER:**

18.    Describe any changes that have been made or measures that have been taken by you since the wreck in question which may make similar wrecks less likely to occur in the future.

**ANSWER:**

19.    Please explain the nature of your relationship with Defendant FedEx Custom Critical Inc.

**ANSWER:**

STATE OF _____

COUNTY OF _____

## VERIFICATION UNDER OATH

BEFORE ME, the undersigned authority, on this day personally appeared _____, who being by me duly sworn, upon oath stated that he/she answered the foregoing Interrogatories and that he/she has personal knowledge of the matters and facts contained therein, and the answers contained therein are true and correct.

_____

SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority on this the _____ day of _____, 20___, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas